IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALFRED LEE MAULDIN, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 3:07-0496 |
| ) | Judge Haynes/Bryant |
| UNITED STATES PROBATION ) | |
| OFFICE, ) | |
|     Defendant. ) | |

To: The Honorable William J Haynes, Jr., United States District Judge

## REPORT AND RECOMMENDATION

By order entered April 4, 2007 (Docket Entry No. 3), the District Judge referred this case to the Magistrate Judge for further proceedings under Rule 72, Federal Rules of Civil Procedure.

Pending before the Court is Defendants' motion to dismiss. (Docket Entry No. 15). For the reasons stated below, the undersigned hereby **RECOMMENDS** that this motion be **GRANTED.**

## Procedural History

**The complaint.** The *pro se* plaintiff is a federal inmate currently imprisoned at the Low Security Correctional Institution in Butner, North Carolina. In November 1995 the plaintiff was convicted of one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2), one count of knowingly and intentionally possessing cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and one count of knowingly using and carrying a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). In February 1996, the plaintiff was sentenced, *inter alia,* to a total of 322 months of incarceration.

1

His conviction and sentence were affirmed by the United States Court of Appeals for the Sixth Circuit. *United States v. Mauldin,* 109 F.3d 1159 (6th Cir. 1997).

The plaintiff initiated the current litigation by filing a pleading entitled "Notice of Appeal from the Denial Dated 1/13/07 Requesting Release of Information Under the FOIA Act 5 USC 552 and the Privacy Act 5 USC 552a Under Sellers v. BOP." Although plaintiff's complaint is somewhat unclear on its face, liberally read it appears that he is seeking to assert a cause of action against defendants under the Freedom of Information Act (FOIA) and the Privacy Act of 1974, as amended. (Docket Entry No. 1). In particular, plaintiff alleges that the length of his sentence was improperly enhanced by the sentencing judge who relied upon information contained in a Pre-Sentence Investigation Report (PSIR) prepared by the United States Probation Office. Plaintiff asserts that information contained in his PSIR relating to pending state charges against him and prior felony convictions at the time of his sentencing was incorrect. *Id.*

Plaintiff filed a FOIA/Privacy Act request with the United States Probation Office seeking the "source of the information" for the allegedly incorrect items in his PSIR. In a document signed by Chief U.S. Probation Officer Robert W. Musser Jr., the Probation Office denied his request and indicated that the files of the United States Probation Office were exempt from FOIA disclosure. Plaintiff seeks to have this Court reverse the United States Probation Office's denial of his March 6, 2007 FOIA/Privacy Act request. In support of his complaint, Plaintiff cites the Freedom of Information Act, the Privacy Act, and *Sellers v. Bureau of Prisons,* 294 U.S. App. D.C. 361 (D.C. Cir. 1992).

**Defendant's Motion to Dismiss.** Defendant moves for dismissal of plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief

2

may be granted.  (Docket Entry No. 15).  In support of this motion defendant advances two main arguments. First, defendant argues that the Freedom of Information Act does not apply to the judicial branch of the federal government and that the United States Probation Office is an arm of the United States District Court.  (Docket Entry No. 16).  Consequently, plaintiff has no cause of action under FOIA because the denial of plaintiff's request was permissible under the terms of FOIA.

Second, defendant argues that pre-sentence investigative reports and Bureau of Prisons inmate record systems are exempt from the Privacy Act.  *Id.*  As a result, defendant argues that plaintiff fails to state a claim under the Privacy Act and his suit should be dismissed with prejudice.

## Analysis

**Freedom of Information Act Claim.**  The obligations of the Freedom of Information Act explicitly apply only to federal government agencies.  *See* 5 U.S.C. § 552.  To define "agency," the Freedom of Information Act refers to 5 U.S.C. § 551(1), which includes the proviso that agencies do not include the courts of the United States.  5 U.S.C. § 551(1)(B). Additionally, FOIA further defines agencies within the scope of the Act as being offices within the executive branch of government.  5 U.S.C. § 552(f)(1).  Consequently, the crucial question with regard to the viability of plaintiff's FOIA claim is whether the United States Probation Office qualifies as an executive agency within the meaning of FOIA.

Officers of the United States Probation Office are appointed by, and serve at the pleasure of, the District Court, and as a result the United States Probation Office is properly regarded as a member of the Judicial Branch of government rather than an executive agency.  *United States v.*

3

*Belgard*, 894 F.2d 1092, 1096-98 (9th Cir. 1990); *Dorman v. Higgins,* 821 F.2d 133, 137 (2d Cir. 1987). Because the Probation Office is an arm of the federal courts, it is not subject to FOIA's disclosure requirements due to the explicit exclusion of the "courts of the United States" from FOIA's provisions. *Boyd v. Crim. Div., United States Dep't of Justice*, 2005 WL 555412, *4 (D.D.C. Mar. 9, 2005). As a result, plaintiff fails to state a claim under FOIA because his request for "all records and/or data contained in the files of your Department and/or Agency under my name and/or identified to my name" was properly denied by this defendant.

**Privacy Act Claim.** Similar to FOIA, the Privacy Act explicitly contemplates the scope of its coverage as being limited to executive branch agencies. *See* 5 U.S.C. § 552a. As a result, it appears that plaintiff is unable to properly allege a cause of action under the Privacy Act.

Plaintiff relies solely on the case of *Sellers v. Bureau of Prisons,* 959 F.2d 307, 294 U.S. App. D.C. 361 (D.C. Cir. 1992), to support the proposition that the Privacy Act permits him to obtain information related to his PSIR. In *Sellers,* a prison inmate alleged that there were inaccuracies contained within two pre-sentence reports held in his file at the Bureau of Prisons, a federal law enforcement agency subdivision of the United States Department of Justice. The Circuit Court in *Sellers* determined that the Bureau of Prisons had not satisfied the requirements of the Privacy Act because it did not verify information within the inmate's files when that information was capable of being verified. The court did not, however, extend the reach of the Privacy Act to the Judicial Branch, which is what the plaintiff asks the Court to do here when he invokes the Act's protections against the U.S. Probation Office. Consequently, plaintiff's Privacy Act claim, noncognizable under the Act itself, is not in any way buoyed by his citation to *Sellers*.

4

Even if the plaintiff had claimed a right of access to his PSIR against the Bureau of Prisons, that agency has exempted such records from the access and amendment provisions of the Privacy Act, pursuant to regulation promulgated by authority of the Act. *See* 5 U.S.C. § 552a(j)(2); 28 C.F.R. § 16.97; *e.g.*, *Locklear v. Holland*, 1999 WL 1000835 (6th Cir. Oct. 28, 1999). Additionally, the Sixth Circuit has indicated that the Privacy Act permits only suits for damages for violations of the Act's accuracy requirements. *Locklear* at *1. Thus, the plaintiff is unable to obtain the injunctive relief he seeks under the Privacy Act. *Id. (citing Risley v. Hawk*, 108 F.3d 1396, 1397 (D.C. Cir. 1997)). As a result, plaintiff is unable to prevail under the Privacy Act as his complaint is currently constituted.

## **RECOMMENDATION**

For the reasons stated above, the undersigned hereby **RECOMMENDS** that defendant's motion be **GRANTED**, and that plaintiff's complaint be dismissed.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from the receipt of any objections filed to this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985).

Entered this the 12th day of December, 2007.

                                                s/ John S. Bryant
                                                John S. Bryant
                                                United States Magistrate Judge